UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 3:20-cr-14-HES-MCR

DEANGELO ANTWANN HOWARD

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

# ORDER

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED

Defendant Deangelo Antwann Howard is a 37-year-old inmate serving a 75-month term of imprisonment for possession of a firearm by a convicted felon. (Doc. 75, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on May 14, 2025. Defendant seeks compassionate release because of the Covid-19 pandemic and because he has paranoid schizophrenia, borderline intellectual functioning, bouts of psychosis, and HIV.

(Doc. 77, Motion for Compassionate Release).[1] Defendant also states that he contracted Covid-19 in September 2020 and that he has lingering symptoms, including headaches and fatigue. The United States opposes the Motion, pointing out that Defendant previously recovered from Covid-19 and that he has been fully vaccinated as well. (Doc. 79, Response).

A movant under § 3582(c)(1)(A) bears the burden of proving that a sentence reduction is warranted. United States v. Kannell, 834 F. App'x 566, 567 (11th Cir. 2021) (citing United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014)). The statute provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). The Eleventh Circuit Court of Appeals instructs that the applicable policy statement, U.S.S.G. § 1B1.13, including its definition of "extraordinary and compelling reasons," governs all motions filed under 18 U.S.C. § 3582(c)(1)(A), even those filed after the First Step Act. United States

---

[1] Defendant is not currently in BOP custody. As the United States explains, Defendant had been incarcerated at Forrest City FCI, but he was recently transferred into the temporary custody of the State of Tennessee to resolve charges pending in that state. (Doc. 79 at 3).

v. Bryant, 996 F.3d 1243, 1247–48 (11th Cir. 2021). "Because the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one." United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021). And, as the Third Circuit Court of Appeals has observed, Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Defendant has not demonstrated extraordinary and compelling reasons warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 & cmt. 1. The circumstances that Defendant presents as extraordinary and compelling – the Covid-19 pandemic, his prior Covid-19 infection, and his mental health and medical conditions – are all circumstances that existed when the Court sentenced him on November 18, 2020. (See Doc. 73, Minute Entry of Sentencing Hearing; see also Doc. 71, Amended PSR ¶¶ 120–126; Doc. 72, Sentencing Memorandum). As one appeals court observed, "Section 3582(c)(1)(A) precludes a court from simply taking facts that existed at sentencing and repackaging them as 'extraordinary and compelling.'" United States v. Hunter, No. 21-1275, 2021 WL 3855665, at *9 (6th Cir. Aug. 30, 2021) (published). Thus, "facts that existed when the defendant was sentenced cannot later be construed as 'extraordinary and compelling' justifications for a

3

sentence reduction." Id. at *4.

In addition, while the Court is sympathetic to Defendant's circumstances, there is insufficient evidence in the medical records (Doc. 77-2) to support a conclusion that his medical or mental health conditions "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13, cmt. 1(A)(ii). The lack of evidence matters because the burden of proof rests with the party moving for a sentence reduction. Green, 764 F.3d at 1356; Kannell, 834 F. App'x at 567. Although Defendant argues that the Court has independent authority to identify extraordinary and compelling reasons for a sentence reduction outside of the policy statement, the Eleventh Circuit foreclosed that argument in Bryant, 996 F.3d at 1247–48.

With respect to Covid-19, the Court recognizes that according to the Centers for Disease Control (CDC), those who have HIV might be at increased risk for severe infection.[2] However, the CDC also states: "Data on the clinical course of COVID-19 in people with HIV are emerging. In the initial case series from Europe and the United States, no significant differences in clinical outcomes were found between people with HIV who developed COVID-19 and

---

[2] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

4

individuals without HIV."[3] All the same, the medical record reflects that Defendant's HIV is treated with a combination of lamivudine and zidovudine, two HIV antiviral drugs. (Doc. 77-2 at 19). Fortunately, those medications appear to be working. A key measure of the health of a person's immune system is his or her CD4 cell count, a measure of the white blood cells that fight infection. "A healthy immune system normally has a CD4 count ranging from 500 to 1400 cells per cubic millimeter of blood. At levels below 200, a person becomes susceptible to opportunistic infections." United States v. Carter, No. CR 107-076, 2020 WL 4194014, at *2 n.4 (S.D. Ga. July 21, 2020) (citation omitted). According to recent lab work, Defendant's CD4 cell count was 749, comfortably within the normal range. (Doc. 77-2 at 24).

Indeed, Defendant contracted and recovered from Covid-19 in September 2020, reflecting that his immune system was strong enough to fight off the infection. (See Doc. 72 at 3). Although Defendant claims to have "long haul" Covid-19 symptoms, he points to nothing in the medical record to support that assertion. The Tenth Circuit Court of Appeals observes that "prior infection and recovery from COVID-19 would presumably weigh against a finding of extraordinary and compelling reasons." United States v. Hald, 8 F.4th 932, 939 n.5 (10th Cir. 2021) (citing United States v. Neal, No. CR 11–28, 2020 WL

---

[3] https://clinicalinfo.hiv.gov/en/guidelines/covid-19-and-persons-hiv-interim-guidance/interim-guidance-covid-19-and-persons-hiv.

5

4334792, at *1 (E.D. La. July 28, 2020) (collecting other district court cases)).

Moreover, Defendant has (wisely) accepted both doses of the Pfizer-BioNTech Covid-19 vaccine. (Doc. 79-1, Vaccination Record). According to the available data, the Covid-19 vaccines are highly effective at preventing death or serious illness from Covid-19, including against emerging variants. In addition, recent data suggests that "hybrid immunity" – a combination of natural immunity following recovery from a Covid-19 infection plus immunity from a vaccine – provides especially robust protection, which surpasses the protection provided by prior infection or vaccination alone. [4] Because Defendant is fully vaccinated against Covid-19 – if he does not have hybrid immunity as well – he cannot show extraordinary and compelling reasons for a sentence reduction based on Covid-19. As the Seventh Circuit Court of Appeals recently observed:

> Section 3582(c)(1)(A) was enacted and amended before the SARS-CoV-2 pandemic, and it will continue to serve a beneficent function long after the pandemic ends. But for the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer relief far more effective than a judicial order. A prisoner who can show that he is unable to receive or benefit from a vaccine still may turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an "extraordinary and compelling" reason for immediate release.

United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021); United States v.

---

[4] https://www.nbcnews.com/health/health-news/hybrid-immunity-people-covid-still-get-vaccinated-rcna1974.

Ugbah, 4 F.4th 595, 597 (7th Cir. 2021) ("[P]risoners who have access to a vaccine cannot use the risk of COVID-19 to obtain compassionate release.").

In any event, the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. Defendant claims that 18 months in prison (out of his 75-month term of imprisonment) is a sufficient sentence and that he is unlikely to recidivate. The Court disagrees. Defendant illegally possessed a firearm despite having more than two dozen prior convictions, several of which were felonies. (See Doc. 35, Plea Agreement at 18; PSR ¶¶ 2, 40–71). Among his prior felony convictions were six prior convictions for burglary of a motor vehicle and two prior convictions for aggravated burglary. (PSR ¶¶ 2, 48, 51, 57, 62, 64, 65). He also had several convictions or arrests related to domestic violence. (Id. ¶¶ 59, 70, 71, 100). When Defendant was given a probationary sentence (or bail) in the past, he frequently violated the terms of his supervision. (Id. ¶¶ 41, 51, 62, 64, 70, 71). The risk that Defendant will recidivate is too great given this pattern. Reducing Defendant's sentence would fail to account for Defendant's history and characteristics, promote respect for the law, afford adequate deterrence, or protect the public. In view of all the § 3553(a) factors, reducing Defendant's sentence is not warranted at this time.

Accordingly, Defendant's Motion for Compassionate Release (Doc. 77) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 6th day of October, 2021.

```
HARVEY E. SCHLESINGER
United States District Judge
```

lc 19

Copies:
Counsel of record
Defendant